IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DIANNE CATES EGGER, ET AL.        :
                                  :        CIVIL ACTION
        v.                        :
                                  :        NO. 10-6274
MARRIOTT INTERNATIONAL, INC., ET  :
AL.                               :

**SURRICK, J.**                            **DECEMBER  8 , 2011**

<u>**MEMORANDUM**</u>

Presently before the Court is Plaintiffs' Motion to Remand.  (ECF No. 4.)  For the

following reasons, the Motion will be granted.

**I.        BACKGROUND**

On October 22, 2010, Plaintiffs Dianne Cates Egger and John Patrick Egger filed a

Complaint in the Court of Common Pleas of Philadelphia County against Defendants

Philadelphia Airport Hotel, LLC; Philadelphia Airport Hotel Corporation; CCMH Philadelphia

AP LLC; Philadelphia Airport Hotel, L.P.; Sandy LeBlanc; Marriott Hotel Services, Inc.; and

Marriott International, Inc. (collectively, "Defendants").  (Compl., Notice of Removal Ex. A,

ECF No. 1.)  The Complaint alleges that on October 24, 2008, while staying as a guest at the

Philadelphia Airport Hotel, Dianne Egger was injured when her right leg was punctured by a

rusty metal bed rail as she walked around the bed in her hotel room.  (*Id.* at ¶ 28.)  The wound

became infected, required two surgeries, and caused severe scarring.  (Pls.' Mot. ¶¶ 2-3.)  The

Complaint contains three Counts.  In Count One, Dianne Egger asserts negligence claims against

each of the Defendants, alleging that her injuries were the result of the failure of each Defendant

to inspect and maintain the hotel room and to warn guests of a defective and dangerous condition

in breach of its legal duty to Plaintiff.  In Count Two, Dianne Egger asserts a negligence claim

against Defendant CCMH Philadelphia AP LLC, as the lessee of the hotel property.  In Count

Three, John Egger asserts a claim for loss of consortium against all Defendants.  Plaintiffs

demand damages in an amount in excess of $50,000, delay damages pursuant to Pennsylvania

Rule of Civil Procedure 238, interest, and costs.

     Defendants Marriott Hotel Services, Inc. and Marriott International, Inc. were served with

the Complaint on October 27 and October 28, 2010, respectively.  (Notice of Removal ¶¶ 4-5.)

Defendant Sandy LeBlanc, the general manager of the hotel, was served with the Complaint on

October 29, 2010.  (*Id.* at ¶ 6.)  Defendants Philadelphia Airport Hotel, L.P.; CCMH Philadelphia

AP, LLC; Philadelphia Airport Hotel Corporation; and Philadelphia Airport Hotel, LLC

(collectively, the "Corporate Forum Defendants") were served with the Complaint on October

28, 2010.  (Pls.' Mot. Exs. C-F.)

     On November 12, 2010, Defendants removed the case to this Court on the basis of

diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Defendants' Notice of Removal alleges that

this Court has jurisdiction because complete diversity of citizenship exists between the parties

and because none of the Defendants that were properly joined and served are citizens of the state

in which the action is brought, Pennsylvania.[1]  Defendants now contend that each of the

---

[1]  Plaintiffs are citizens of North Carolina.  (Compl. ¶ 1.)  Defendants Marriott Hotel
Services, Inc. and Marriott International, Inc. are Maryland corporations with principal places of
business in Bethesda, Maryland (Notice of Removal ¶¶ 10-11), and are therefore citizens of
Maryland for purposes of diversity jurisdiction.  *See* 28 U.S.C. § 1332(c) (stating that a
corporation is deemed to be a citizen of the State where it has its principal place of business and
of the State where it is incorporated).  Defendant Sandy LeBlanc is a Pennsylvania citizen.
(Compl. ¶ 12.)  The Corporate Forum Defendants are alleged to be citizens of Pennsylvania.  (*Id.*
at ¶¶ 13-16.)

Defendants that are citizens of Pennsylvania were either fraudulently joined or not properly served prior to Defendants' removal of the action to this Court.

On December 14, 2010, Plaintiffs filed the instant Motion seeking remand back to the Court of Common Pleas of Philadelphia County. Plaintiffs contend that removal was improper because five of the Defendants that were properly joined and served are citizens of Pennsylvania. Plaintiffs do not dispute that the amount in controversy exceeds $75,000.

## II.   LEGAL STANDARD

Removal of actions from state courts is governed by 28 U.S.C. § 1441. Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). For an action arising out of diversity jurisdiction, removal is permitted "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Once a case is removed, the plaintiff may file a motion to remand based on a defect in removal or lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

**III.    DISCUSSION**

In support of their request for remand, Plaintiffs argue that the "forum defendant rule"

prevents removal because five of the Defendants are citizens of Pennsylvania, the state in which

the action was brought.  The forum defendant rule derives from 28 U.S.C. § 1441(b), which

provides that when the basis for removal is diversity jurisdiction, a defendant may not remove a

case to the federal district where the defendant is a citizen.  Plaintiffs argue that because the

Corporate Forum Defendants and Defendant Sandy LeBlanc are citizens of Pennsylvania, the

action is not removable to this Court.

Defendants counter that the forum defendant rule does not preclude removal in this case

because each of the Pennsylvania Defendants were not "properly joined and served," for

purposes of 28 U.S.C. § 1441(b), and therefore do not destroy federal diversity jurisdiction.

Specifically, Defendants contend that 1) the Corporate Forum Defendants were not served with

the Complaint prior to the filing of the notice of removal, 2) Plaintiffs fraudulently joined the

Corporate Forum Defendants in an effort to defeat diversity jurisdiction, and 3) Defendant Sandy

LeBlanc was fraudulently joined.[2]

**A.      Service on the Corporate Forum Defendants**

Defendants assert that at the time of removal, the Corporate Forum Defendants had not

been served with the Complaint.  However, Defendants' contention is flatly contradicted by the

---

[2]  The Notice of Removal alleges that Sandy LeBlanc was fraudulently joined.  It does not allege that the Corporate Forum Defendants were fraudulently joined.  Defendants first raised this additional ground for removal in their response to Plaintiffs' Motion to Remand.  As discussed hereafter, Defendants' failure to assert fraudulent joinder of the Corporate Forum Defendants in their Notice of Removal is fatal to their attempt to establish removal jurisdiction on that basis.

return of service receipts, which Plaintiffs attached to their Motion to Remand, and which were filed with the Prothonotary for the Philadelphia Court of Common Pleas on November 8, 2010. (Pls.' Mot. Exs. C-F.)  The return of service receipts state that each of the four Corporate Forum Defendants was served on October 28, 2010 by Court House Legal Services, Inc.  (*Id.*)

Defendants offer no reason why the return of service receipts are inaccurate or why service was otherwise improper.  Defendants merely state that the Corporate Forum Defendants had not been served with the Complaint prior to removal of the action to this Court. Pennsylvania Rule of Civil Procedure 402(a)(2)(iii) allows for service of the complaint "by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."[3]  The Corporate Forum Defendants here were served at their registered places of business in Philadelphia, Pennsylvania.  (Pls.' Mot. ¶¶ 27, 30, 33, 36).  The return of service receipts indicate that service was made on Kathleen Boyer, Executive Director, who is identified as an "[a]gent or person in charge of Defendant(s) office or usual place of business."  (Pls.' Mot. Exs. C-F.)  Defendants do not argue that the addresses indicated on the return of service receipts are not for "offices or usual place[s] of business" of the Corporate Forum Defendants.  Nor have Defendants alleged that Kathleen Boyer is not an agent of the Corporate Forum Defendants with the authority to accept service.  Accordingly, Defendants have failed to establish that removal was proper on the basis of Plaintiffs' failure to serve the Corporate Forum Defendants prior to removal.

---

[3] Since this action originated in Pennsylvania state court, we look to Pennsylvania law governing service of process.

**B.      Fraudulent Joinder of the Corporate Forum Defendants**

Even if the Corporate Forum Defendants were properly served, federal jurisdiction may

nevertheless be lacking if any of the Defendants that are citizens of Pennsylvania were

fraudulently joined.  In their response to the Motion to Remand, Defendants argue that removal is

proper because the Corporate Forum Defendants were fraudulently joined in an effort to defeat

diversity jurisdiction.

As an initial matter, Defendants' argument that the Corporate Forum Defendants were

fraudulently joined is untimely.  Defendants were required to file their Notice of Removal

"containing a short and plain statement of the grounds for removal" within thirty days of being

served with the Complaint.  28 U.S.C. §§ 1446(a), (b).  Defendants filed their Notice of Removal

on November 12, 2010, fourteen days after the last Defendant was served with the Complaint.

Even though timely filed, the Notice of Removal did not assert that the Corporate Forum

Defendants were fraudulently joined as a basis for establishing removal jurisdiction.[4]  This

argument was first raised in Defendants' response to Plaintiffs' Motion to Remand, which was

filed on December 23, 2010, fifty-five days after the last Defendant was served with the

Complaint.  Defendants are permitted to freely amend their Notice of Removal prior to the

expiration of the thirty-day period within which an action may be removed.  *USX Corp. v.*

*Adriatic Ins. Co.*, 345 F.3d 190, 206 n.13 (3d Cir. 2004).  Defendants here did not amend the

---

[4]  The Notice of Removal contained the following grounds for establishing removal
jurisdiction:  1) the Corporate Forum Defendants were not properly served with the Complaint
and 2) Sandy LeBlanc was fraudulently joined.

Notice of Removal.[5]  Therefore, Defendants have waived the argument that the Corporate Forum

Defendants were fraudulently joined as an additional basis to establish that removal is proper.

*Kimmet*, 2000 U.S. Dist. LEXIS 8712, at *12 (granting plaintiff's motion to remand case where

defendant first raised the fraudulent joinder argument in its response to the motion to remand and

where amendment of the notice of removal was not available).

Even if Defendants had properly alleged fraudulent joinder in the Notice of Removal, this

basis for removal jurisdiction nevertheless fails.  Defendants argue that any negligence claim

asserted against the Corporate Forum Defendants lacks merit because the Corporate Forum

Defendants "have no responsibility over the management or oversight of the day-to-day

operations of the hotel," and as a result, owe no duty to Plaintiffs.  (Defs.' Resp. 7.)  Defendants

allege that Marriott Hotel Services, Inc., a Maryland citizen, is the only Defendant responsible

for the day-to-day operations of the hotel and is therefore the only proper Defendant to this

action.

In this Circuit, a joinder is fraudulent for purposes of establishing diversity jurisdiction

"where there is no reasonable basis in fact or colorable ground supporting the claim against the

joined defendant, or no real intention in good faith to prosecute the action against the defendants

or seek a joint judgment."  *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)

---

[5]  In certain limited circumstances, courts will permit defendants to amend a notice of removal after the thirty-day period.  *Kimmet v. Mannesmann Demated Rapistan Sys. Corp.*, No. 00-1247, 2000 U.S. Dist. LEXIS 8712, at *8 (E.D. Pa. June 26, 2000).  Defendants have not, however, requested permission to amend the Notice of Removal.  Even if they had sought to amend, the request would have been denied because "completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished" to the removal notice.  *USX Corp.*, 345 F.3d at 206 n.11 (quoting 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (3d ed.)).

(internal quotations omitted).  The party seeking removal "carries a heavy burden of persuasion" in establishing that a joinder was fraudulent.  *Id.*  This is so because removal statutes are "strictly construed against removal and all doubts [are] resolved in favor of remand."  *In re Briscoe*, 448 F.3d at 217.  Courts have cautioned that a "[f]raudulent joinder should not be found simply because plaintiff has a weak case against a forum or non-diverse defendant."  *Slater v. Hoffman La Roche Inc.*, 771 F. Supp. 2d 524, 528 (E.D. Pa. 2011).  When determining whether a party has been fraudulently joined, the district court must "focus on the plaintiff's complaint at the time the petition for removal was filed . . . and assume as true all factual allegations of the complaint."  *Batoff*, 977 F.2d at 851 (internal quotations omitted).

Defendants rely on *Myszkowski v. Penn Stroud Hotel, Inc.*, 634 A.2d 622 (Pa. Super. Ct. 1993), in support of their argument that Plaintiffs have no colorable negligence claim against the Corporate Forum Defendants and that Marriott Hotel Services is the only proper defendant.  In *Myszkowski*, the plaintiff brought an action against the Penn Stroud Hotel after being sexually assaulted in the ladies room of the hotel, alleging that the hotel failed to provide adequate security.  *Id.* at 623.  Plaintiff also named Best Western as a defendant, arguing that as a result of an alleged agency relationship between Best Western and Penn Stroud, Best Western exercised control over Penn Stroud's operations and was therefore also negligent in failing to ensure adequate security.  *Id.* at 624.  Pursuant to a marketing agreement between Penn Stroud and Best Western, Penn Stroud was permitted to use the "Best Western" trade name in exchange for annual payments and adherence to rules related to the quality of accommodations provided at the hotel.  *Id.* at 624, 628.  The court framed the issue as follows:  "in order for Best Western to be held vicariously liable for the alleged negligence of Penn Stroud, the relationship between them

8

must have been that of master and servant." *Id.* at 625.

The *Myszkowski* court affirmed summary judgment in favor of Best Western, holding that as a matter of law, an agency relationship did not exist between Best Western and Penn Stroud, and therefore, Best Western could not be held liable for plaintiff's injuries. *Id.* at 628. The court was persuaded by evidence that Penn Stroud and not Best Western "managed the day-to-day operations of the business and made all decisions incidental to this operation," that employees were "hired, fired, paid and supervised by [Penn Stroud] managers," and that Best Western had no ownership interest in the hotel. *Id.* at 626-27. The Court also found persuasive the fact that the marketing agreement explicitly described the relationship between Best Western and Penn Stroud as an independent contractor relationship, and that Penn Stroud had the right to end its association with Best Western at any time and for any reason. *Id.* at 627.

Defendant's reliance on *Myszkowski* is misplaced. Although the case supplies the legal framework for determining the parameters of negligence liability against certain related corporate entities, its value in determining whether there has been a fraudulent joinder here is limited. The claim in *Myszkowski* was dismissed at the summary judgment stage, after the parties had the benefit of uncovering facts about the relationship between Best Western and Penn Stroud through discovery. Here, we are unable to determine at this stage in the litigation whether an agency relationship existed in order to find that Plaintiffs have "a reasonable basis in fact or colorable ground supporting the [negligence] claim" against any of the Corporate Forum Defendants.

Based upon the record before us, we cannot determine whether Marriott Hotel Services was the only Defendant that exerted control over the day-to-day operations of the hotel. Defendants assert that Marriott Hotel Services is the management company for the hotel. The

Complaint states that Corporate Forum Defendant Philadelphia Airport Hotel, L.P., a

Pennsylvania resident, owns the hotel where the alleged negligence took place (Compl. ¶¶ 52-

56), a fact Defendants do not contest in either their Notice of Removal or response to Motion to

Remand.  Moreover, Defendants admit that Philadelphia Airport Hotel is Sandy LeBlanc's

employer.[6]  (Notice of Removal ¶ 27.)  Certainly, the fact that both the owner of the hotel and the

employer of hotel employees are Corporate Forum Defendants indicates that an agency

relationship existed between Marriott Hotel Services, as the alleged managing company, and at

least one of the Corporate Forum Defendants.  In addition, the Complaint alleges that each of the

Corporate Forum Defendants owed a duty to Plaintiffs as business invitees and that the duty was

breached.

       We are satisfied that Defendants have failed to meet their "heavy burden of persuasion"

in demonstrating that Plaintiffs fraudulently joined the Corporate Forum Defendants in order to

defeat diversity jurisdiction.  *Slater*, 771 F. Supp. 2d at 528 (finding that defendant failed to meet

its burden in establishing fraudulent joinder because it failed to point to "any Pennsylvania case

law declining to impose a duty of due care"); *Gibboni v. Hyatt Corp.*, No. 10-2629, 2011 U.S.

Dist. LEXIS 29662, at *17 (E.D. Pa. Mar. 22, 2011) (granting motion to remand because

defendants failed to meet their "heavy burden of persuasion" in showing fraudulent joinder);

*West v. Marriott Hotel Servs.*, No. 10-4130, 2010 U.S. Dist. LEXIS 116923, at *6 (E.D. Pa. Nov.

1, 2010) ("[A] finding of fraudulent joinder is usually reserved for situations where recovery

---

       [6] Defendants do not specify which of the Philadelphia Airport Hotel Defendants is
LeBlanc's employer:  Philadelphia Airport Hotel, L.P., Philadelphia Airport Hotel, LLC, or
Philadelphia Airport Hotel Corporation.  However, all three of these Defendants are citizens of
Pennsylvania.

from the nondiverse defendant is a clear legal impossibility.").

       **C.**    **Fraudulent Joinder of Sandy LeBlanc**

       Since Defendants have failed to meet their burden of proving that the Corporate Forum Defendants were improperly joined and served in this action, this alone defeats federal diversity jurisdiction and requires remand to the Court of Common Pleas of Philadelphia County.  28 U.S.C. § 1441(b) (stating that for an action arising out of diversity jurisdiction, removal is permitted "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").  The Corporate Forum Defendants are Pennsylvania citizens and the case originated in a Pennsylvania state court.  Therefore, this Court lacks jurisdiction over the action.  Accordingly, we need not consider Defendants' final argument that Plaintiffs fraudulently joined Sandy LeBlanc, the hotel manager, in an effort to defeat diversity.

**IV.**    **CONCLUSION**

       For the foregoing reasons, Plaintiffs' Motion to Remand is granted.

       An appropriate Order follows.

                                    **BY THE COURT:**

                                     _____

                                     **R. BARCLAY SURRICK**